*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 23-BG-0915**

In re JAMES C. BAILEY, ESQUIRE,

A Member of the Bar of the
District of Columbia Court of Appeals         **Board Docket No.** 22-BD-037
**Bar Registration No**. 462391                 **DDN**:  2020-D006

BEFORE: McLeese and AliKhan, Associate Judges, and Thompson, Senior Judge.

**O R D E R**
(FILED – November 22, 2023)

On consideration of the affidavit of James C. Bailey, Esquire, wherein he consents to disbarment from the bar of the District of Columbia pursuant to D.C. Bar Rule XI, §12, which has been filed with the Clerk of the Court, and the report and recommendation of the Board on Professional Responsibility, it is

ORDERED that James C. Bailey is hereby disbarred by consent.

The Clerk shall publish this order, but the affidavit shall not be publicly disclosed or otherwise made available except upon order of the court or upon written consent of the respondent.

The Clerk shall cause a copy of this order to be transmitted to the Chairperson of the Board on Professional Responsibility and to the respondent, thereby giving him notice of the provisions of Rule XI, §§ 14 and 16, which set forth certain rights and responsibilities of disbarred attorneys and the effect of failure to comply therewith.

In his affidavit consenting to disbarment, the respondent requests that "[his] consent . . . be deemed effective retroactive to the date of the filing of the 14G affidavit." *See* BPR Report at 12. The respondent subsequently submitted a document

to the Board on Professional Responsibility titled *Affidavit of Compliance with D.C. Bar Rule XI, § 14*.   *See id.* at 3.

Attorneys who have been disbarred must file an affidavit in compliance with the requirements in D.C. Bar Rule XI, §14(g) "[w]ithin 10 days *after* the effective date of an order of disbarment . . . with the Court *and* the Board" (emphasis added).   Pursuant to D.C. Bar Rule, XI, §14(f), "an order of disbarment shall be effective thirty days *after* the entry of an order unless the court directs otherwise" (emphasis added).   Therefore, a compliant D.C. Bar R. XI, § 14(g) affidavit ordinarily may only be filed *after* a disciplinary order disbarring a respondent has been issued.

Because bar disciplinary decisions become effective thirty days after the entry of the decision, there is a presumption that disbarments will be prospective.   *See In re Soininen*, 853 A.2d 712, 726 (D.C. 2004).   To overcome the presumption, a respondent must "demonstrate the presence of 'unique' or 'compelling' circumstances that would justify[ing] lessening what would otherwise be the sanction necessary to protect the public interest."   *Id*.

Respondent has not proffered any unique or compelling reasons why his disbarment should be nunc pro tunc to October 18, 2023.   The court therefore declines respondent's request for a retroactive disbarment.   The court does, however, treat respondent's Rule 14(g) affidavit as having been filed on the date of this order.   Respondent's disbarment thus becomes effective on the date of this order.

**PER CURIAM**